UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NIKOLAI CHERNYY )<br>2120 Observatory Place, NW )<br>Washington, DC 20007 )<br>CIS File No. A74 832 677 )<br> )<br> Plaintiff, )<br> )<br>v. )<br> )<br>PHYLLIS HOWARD, District Director )<br>Washington Field Office )<br>US Citizenship & Immigration Service )<br>2675 Prosperity Avenue )<br>Fairfax, VA 22031 )<br> )<br>EMILIO T. GONZALEZ, Director )<br>U.S. Citizenship and Immigration Services )<br>20 Massachusetts Avenue, N.W. )<br>Washington, DC 20529 )<br> )<br>MICHAEL CHERTOFF, Secretary )<br>U.S. Department of Homeland Security )<br>425 Murray Drive, Building 410 )<br>Washington, DC 20528 )<br> )<br>ROBERT S. MUELLER, Director )<br>Federal Bureau of Investigation )<br>J. Edgar Hoover Building )<br>935 Pennsylvania Avenue, N.W. )<br>Washington, DC 20535 )<br> )<br> Defendants )<br> ) | COMPLAINT FOR HEARING<br>ON NATURALIZATION<br>APPLICATION<br><br><br><br>Civ. No. |

## PRELIMINARY STATEMENT

1.  This action is brought against the defendants pursuant to 8 U.S.C. §1447(b) with a

    request for judicial relief in the form of an adjudication of the plaintiff's Application

    for Naturalization (Form N-400) in this Court.

Michael Maggio
Thomas K. Ragland
MAGGIO & KATTAR
11 Dupont Circle, NW Suite 775
mmaggio@maggio-kattar.com
Phone: 202-483-0053  Fax: 202-483-6801

2. The plaintiff properly filed his application with the defendants on September 10, 2003, and he attended an examination of his application on December 15, 2004. As more than 120 days have passed since the plaintiff's examination, the plaintiff seeks review of his application by this Court. The plaintiff is prima facie eligible for naturalization, as explained below, and this Court should grant his application for naturalization.

## JURISDICTION

3. This is a civil action brought pursuant to 8 U.S.C. § 1447(b) (jurisdiction of district court to decide an application for naturalization when there has been a failure by the agency to make a decision within 120 days of the examination). *See also* 8 C.F.R. § 310.5(a) (2006). Jurisdiction is further conferred by 8 U.S.C. § 1329 (jurisdiction of the district courts) and 28 U.S.C. § 1331 (federal question jurisdiction) and § 1361 (action to compel an officer of the United States to perform his duty) to redress the deprivation of rights, privileges, and immunities secured to the plaintiff, by which statutes jurisdiction is conferred. Jurisdiction is also conferred pursuant to 5 U.S.C. § 704 (Administrative Procedure Act).

4. This complaint is timely because more than 120 days have passed since the Washington District Office of U.S. Citizenship and Immigration Services ("USCIS") conducted an examination of the plaintiff on his naturalization application on December 15, 2004. *See* 8 U.S.C. § 1447(b); 8 C.F.R. § 310.5(a).

Michael Maggio
Thomas K. Ragland
MAGGIO & KATTAR
11 Dupont Circle, NW Suite 775
mmaggio@maggio-kattar.com
Phone: 202-483-0053 Fax: 202-483-6801

2

## VENUE

5.   Venue lies in the District of Columbia, the judicial district where the plaintiff resides, pursuant to 8 U.S.C. § 1447(b) (". . . the applicant may apply to the United States District Court for the District in which the applicant resides for a hearing on the matter."); *See also* 8 C.F.R. § 310.5(a).

## PARTIES

6.   The plaintiff, Mr. NIKOLAI CHERNYY, has been a lawful permanent resident of the United States since January 15, 1997 and resides in Washington, DC.  He was born in the Russian Federation in 1982, and he is a citizen of the Russian Federation.  His alien registration number is A74 832 677.

7.   The defendants, PHYLLIS HOWARD, District Director, USCIS Washington Field Office;  EMILIO T. GONZALEZ, Director, USCIS;  MICHAEL CHERTOFF, Secretary, U.S. Department of Homeland Security ("DHS");  and ROBERT S. MUELLER, Director, Federal Bureau of Investigation ("FBI"), are made party defendants pursuant to 8 U.S.C. § 1421(a).  The Washington Field Office of USCIS conducted the examination of the plaintiff on his application for naturalization. USCIS is the agency of the U.S. Department of Homeland Security responsible for adjudicating applications for naturalization under the Immigration and Nationality Act and has the sole authority to naturalize persons as citizens of the United States, by delegation of the Attorney General, pursuant to 8 U.S.C. § 1421(a).  *See also* 8 C.F.R. § 310.1.  The defendant officials of USCIS referred to herein also include its predecessor organization, which was known as the U.S. Immigration and

Michael Maggio
Thomas K. Ragland
MAGGIO & KATTAR
11 Dupont Circle, NW Suite 775
mmaggio@maggio-kattar.com
Phone: 202-483-0053  Fax: 202-483-6801

3

Naturalization Service.[1]  The FBI is the agency responsible for completing security checks, including name and fingerprint checks, for applicants for immigration benefits including naturalization.

## FACTS

8.  The plaintiff, Mr. Nikolai Chernyy, was born in Kharkov, Ukraine (then USSR) in 1982 and became a lawful permanent resident of the United States on January 15, 1997.  *See* Exh. 1.  Mr. Chernyy is currently a student at the Pennsylvania State University, although he resides permanently with his father, Mr. Victor Chernyy, in Washington, DC.  Nikolai Chernyy applied for naturalization at the same time as his father, and both Nikolai and Victor Chernyy were examined by USCIS on the same date.  Like his father, Nikolai Chernyy is still awaiting clearance of background checks on his application for naturalization.

9.  Mr. Chernyy is eager to become a U.S. citizen and the delay by USCIS in adjudicating his application is of great concern to him.  Along with his father, Mr. Chernyy filed his application for naturalization (Form N-400) with USCIS on September 10, 2003.  *See* Exh. 2.  He attended an examination on his naturalization application at the USCIS Washington Field Office in Fairfax, Virginia on December 15, 2004, where he was interviewed by Officer Hughes.  *See* Exh. 3.  At the end of the examination, Officer Hughes informed Mr. Chernyy that he had passed the American civics and English language tests, but that his application could not be approved until the security clearance procedure is completed.

---

[1] On March 1, 2003, the functions of the Immigration and Naturalization Service were transferred to the Department of Homeland Security pursuant to Title IV of the Homeland Security Act of 2002, Pub. L. No. 107-296, 116 Stat. 2135, 2177.  *See Matter of D-J-*, 23 I&N Dec. 572, 573 n.1 (A.G. 2003).

Michael Maggio
Thomas K. Ragland
MAGGIO & KATTAR
11 Dupont Circle, NW Suite 775
mmaggio@maggio-kattar.com
Phone: 202-483-0053  Fax: 202-483-6801

4

10. On February 1, 2005, Mr. Chernyy's counsel sent a written inquiry to the USCIS Washington Field Office to inform the office that Mr. Chernyy had not yet received a security clearance, and to request that USCIS resubmit its request for such clearance to the FBI. *See* Exh. 4. USCIS did not respond to the inquiry.

11. On August 26, 2005, Mr. Chernyy's counsel sent a second written inquiry to USCIS, noting that more than 240 days had passed since the date of his father's (and his) naturalization interview. *See* Exh. 5. USCIS did not respond to the inquiry.

12. On October 18, 2005, Mr. Chernyy's counsel submitted a Request to Provide Security Clearances to the Federal Bureau of Investigation ("FBI"), directed to the email address Fbinncp@IC.fbi.gov. *See* Exh. 6. The FBI did not respond to the request.

13. On February 8, 2006, Mr. Chernyy and his father attended an INFOPASS appointment at the USCIS Washington Field Office to inquire in person about their applications. *See* Exh. 7. Mr. Chernyy was told that his case was still awaiting background checks, and that he should inquire directly by email with the FBI.

14. On March 28, 2006, an employee of Mr. Chernyy's undersigned counsel attended an INFOPASS appointment at USCIS and was informed that the applications of Mr. Chernyy and his father were still awaiting FBI security clearance. *See* Exh. 8.

15. On May 10, 2006, Mr. Chernyy's father sent a written inquiry to USCIS requesting that background checks be expedited. *See* Exh. 9. USCIS did not respond to the inquiry.

16. On June 28, 2006, Mr. Chernyy's counsel sent a third written inquiry to USCIS. *See* Exh. 10. USCIS did not respond to the inquiry.

Michael Maggio
Thomas K. Ragland
MAGGIO & KATTAR
11 Dupont Circle, NW Suite 775
mmaggio@maggio-kattar.com
Phone: 202-483-0053 Fax: 202-483-6801

5

17. On August 7, 2006, Mr. Chernyy and his father again attended an INFOPASS appointment at the USCIS Washington Field Office to inquire in person about their applications. *See* Exh. 11. Mr. Chernyy was again told that his case is still awaiting background checks.

18. The defendant USCIS has not issued a final decision on Mr. Chernyy's naturalization application. As more than 120 days have elapsed since Mr. Chernyy's examination on December 15, 2004, the plaintiff requests that this Court adjudicate his application for naturalization. *See* Exh. 12.

### CLAIMS

19. The plaintiff has a clear right to be granted United States citizenship and this Court has clear jurisdiction to adjudicate his application for naturalization now that the defendants have failed to do so within the time period specified in 8 U.S.C. §1447(b). *See also* 8 C.F.R. § 310.5(a). The plaintiff has no other relief available. *See generally Iddir v. INS*, 301 F.3d 492, 500 (7th Cir. 2002).

20. The plaintiff has a clear right to be granted United States citizenship for the following reasons:

   a. The plaintiff has demonstrated an understanding of the English language, including an ability to read, write, and speak words in ordinary usage in the English language, as required under 8 U.S.C. § 1423(a)(1).

   b. The plaintiff has demonstrated a knowledge and understanding of the fundamentals of the history, and of the principles and form of government, of the United States, as required under 8 U.S.C. § 1423(a)(2).

Michael Maggio
Thomas K. Ragland
MAGGIO & KATTAR
11 Dupont Circle, NW Suite 775
mmaggio@maggio-kattar.com
Phone: 202-483-0053  Fax: 202-483-6801

6

c. The plaintiff is not opposed to the United States Government or law and does not favor, nor has he ever favored, any totalitarian form of government. Therefore, he is not barred from naturalization under 8 U.S.C. § 1424.

d. The plaintiff meets the requirements as to residence as provided under 8 U.S.C. § 1427(a). Immediately prior to the filing of his application for naturalization on September 10, 2003, the plaintiff had resided continuously, after being lawfully admitted for permanent residence on January 15, 1997, within the United States for at least five years, and during the five years immediately preceding the date of filing his application for naturalization had been physically present therein for periods totaling at least half of that time. Furthermore, the plaintiff has resided in the District of Columbia for more than three months before filing his application for citizenship; thus, his application for naturalization was properly filed pursuant to 8 U.S.C. § 1427(a)(1) with the Washington District Office of USCIS in Fairfax, Virginia. Finally, the plaintiff has continuously resided within the United States from the date of his application for naturalization on September 10, 2003 to the present.

e. During all the periods referred to at 8 U.S.C. § 1427(a), the plaintiff has been and still is a person of good moral character, attached to the principles of the Constitution of the United States, and well disposed to the good order and happiness of the United States.

Michael Maggio
Thomas K. Ragland
MAGGIO & KATTAR
11 Dupont Circle, NW Suite 775
mmaggio@maggio-kattar.com
Phone: 202-483-0053  Fax: 202-483-6801

7

21. Congress has vested the Executive Branch with authority to confer citizenship. 8
U.S.C. § 1421(a). The statute authorizing the Executive Branch to decide citizenship
is suffused with mandatory language. *See* 8 U.S.C. §§ 1422, 1423, 1427; *see also
Iddir*, 301 F.3d at 499 (describing Congress' use of mandatory language and the word
"shall" through the statute as conferring a duty upon the Attorney General to
administer the diversity visa program.) The defendants owe the plaintiff a duty to
adjudicate the plaintiff's application and have unreasonably failed to perform that
duty. The fact of a grant of jurisdiction to U.S. District Courts to review lack of
adjudication under 8 U.S.C. § 1447(b) demonstrates that Congress intended to impose
a mandatory duty on the Executive Branch.

22. The plaintiff has exhausted any administrative remedies that exist and has availed
himself of this Court's review under 8 U.S.C. § 1447(b), which provides for judicial
recourse in cases of administrative inaction. When USCIS fails to make a
determination on a naturalization application within 120 days of the applicant's
examination, the applicant may appeal to the appropriate federal district court for a
hearing. 8 U.S.C. § 1447(b). The "examination" referenced in 8 U.S.C. § 1447(b)
has been interpreted by this and other courts to refer to the initial examination
interview scheduled under 8 U.S.C. § 1446(a). *See Castracani v. Chertoff*, 377 F.
Supp. 2d 71, 73 (D.C.D.C. 2005); *see also United States v. Hovsepian*, 359 F.3d
1144, 1151 (9th Cir. 2004); *El-Daour v. Chertoff*, 417 F. Supp. 2d 679, 683 (W.D. Pa.
2005); *Angel v. Ridge*, 2005 WL 1263143, *4 (S.D. Ill. May 25, 2005).

Michael Maggio
Thomas K. Ragland
MAGGIO & KATTAR
11 Dupont Circle, NW Suite 775
mmaggio@maggio-kattar.com
Phone: 202-483-0053  Fax: 202-483-6801

8

23. The plaintiff is entitled to judicial review of his pending naturalization application pursuant to 8 U.S.C. § 1447(b), because more than 120 days have passed since he was interviewed by the Washington Field Office of USCIS on December 15, 2004, and USCIS has, to date, failed to make a determination on his application. *See also* 8 C.F.R. § 310.5(a). The filing of this petition vests the Court with exclusive jurisdiction to determine the plaintiff's naturalization application, pursuant to 8 U.S.C. § 1447(b). *See Castracani*, 377 F. Supp. 2d at 75; *see also Hovsepian*, 359 F.3d at 1159.

WHEREFORE, the plaintiff prays that the Court:

1. Assume jurisdiction over the case and adjudicate the plaintiff's application for naturalization.

2. Grant such other and further relief as this Court deems proper under the circumstances; and

3. Grant attorney's fees and costs of Court to the plaintiff under the Equal Access to Justice Act.

Michael Maggio
Thomas K. Ragland
MAGGIO & KATTAR
11 Dupont Circle, NW Suite 775
mmaggio@maggio-kattar.com
Phone: 202-483-0053 Fax: 202-483-6801

9

Respectfully submitted this 28th day of November 2006,

NIKOLAI CHERNYY

*By counsel,*

Michael Maggio
DC Bar Number: 254094

Thomas K. Ragland
DC Bar Number: 501021

MAGGIO & KATTAR
11 Dupont Circle, NW, Suite 775
Washington, DC 20036
202-483-0053
FAX: 202-483-6801
mmaggio@maggio-kattar.com

*Counsel for Plaintiff*

Michael Maggio
Thomas K. Ragland
MAGGIO & KATTAR
11 Dupont Circle, NW Suite 775
mmaggio@maggio-kattar.com
Phone: 202-483-0053  Fax: 202-483-6801

10

## VERIFICATION

I, Nikolai Chernyy, under penalty of perjury, state the following:

I affirm the truth of the factual contents of the foregoing Petition for Hearing on

Naturalization Application, upon information and belief.

Dated: 11/10/2006

Place: Washington, D.C.


NIKOLAI CHERNYY